IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA

MIMILOVE, LLC, Michele Reymond, and ) 
Lorraine Reymond, )
)
       Plaintiffs, )
)
vs. )     Civil Action No.
)     <u>1:10-cv-04175-RWS</u>
)
LEGACY ACADEMY, Inc., Commercial )
Contractors Enterprises, Inc., Franklin L. )
Turner, Melissa V. Turner, Corporate John )
Does X, Y and Z, and Individual John )
Does A, B, and C, )
)
       Defendants. )

## <u>DEFENDANT LEGACY ACADEMY, INC.'S COUNTERCLAIM</u>

COMES NOW, Legacy Academy, Inc. ("Legacy Academy"), and files its Counterclaim against Michele Reymond and Lorraine Reymond (collectively, "Counterclaim Defendants"), showing the Court as follows:

### PARTIES, JURISDICTION, AND VENUE

#### 1.

Legacy Academy is a Georgia corporation with its principal office address at 4536 A Nelson Brogdon Boulevard, Sugar Hill, Georgia 30518.

#### 2.

Counterclaim Defendant Michele Reymond is an individual residing in Gwinnett County, Georgia.

3.

Counterclaim Defendant Lorraine Reymond is an individual residing in Gwinnett County, Georgia.

4.

This Court has jurisdiction over the subject matter of this Counterclaim.

5.

This Court has personal jurisdiction over Counterclaim Defendants.

6.

Venue is proper in this Court.

7.

All conditions precedent to the rights, remedies, and relief sought herein by Legacy Academy have been met, performed, excused, waived, or discharged.

**The Parties**

8.

Legacy Academy, a Georgia corporation, is a franchisor of a comprehensive and specially designed system for early childhood development and day care centers under the name Legacy Academy for Children[®].

**The Sugar Hill Location**

9.

Counterclaim Defendants Michele Reymond and Lorraine Reymond entered into a Franchise Agreement with Legacy Academy on September 13, 2001 (the "Franchise Agreement").   The Franchise Agreement is attached to Plaintiffs' Complaint as Exhibit "B."

10.

Pursuant to the Franchise Agreement, Counterclaim Defendants operated a Legacy Academy franchise located at 4540 Nelson Brogdon Blvd., Sugar Hill, Georgia 30518 (the "Sugar Hill Location").

11.

Pursuant to § 17.3 of the Franchise Agreement, Counterclaim Defendants personally guaranteed the obligations under the Franchise Agreement.

12.

As of August 2010, Counterclaim Defendants have failed to pay royalty and marketing fees as required under the Franchise Agreement.  As of the filing of this Counterclaim, Counterclaim Defendants were indebted to Legacy Academy for unpaid royalty and marketing fees in an amount to be determined at trial.  At the time of this filing, late fees and interest also have accrued.

13.

The Franchise Agreement carries an initial term of 25 years from its effective date of October 13, 2001.  By Counterclaim Defendants' default, the Franchise Agreement terminated just under 16 years early, for a total loss of future royalties to Legacy Academy of an amount to be determined at trial.

## CLAIM 1:  BREACH OF CONTRACT – ROYALTY AND MARKETING FEES

14.

Legacy Academy realleges and incorporates paragraphs 1 through 13 of this Counterclaim as though fully set forth herein.

15.

In § 4.2 of the Franchise Agreement, Counterclaim Defendants agreed to pay 5% of the gross monthly revenue ("Royalty Fee") to Legacy Academy in consideration for Legacy Academy entering into the Franchise Agreement and for Counterclaim Defendants' right to use the Legacy Academy System and the Marks (as defined in the Franchise Agreement).

16.

In § 9.1 of the Franchise Agreement, Counterclaim Defendants agreed to pay 1% of their Gross Monthly Revenue ("Marketing Fee") to Legacy Academy for advertising, marketing and promotional programs.

17.

Pursuant to § 4.2 and § 9.1 of the Franchise Agreement, Counterclaim Defendants are required to tender the Royalty Fee and the Marketing Fee to Legacy Academy by the tenth day of each calendar month.

18.

If Counterclaim Defendants fail to timely pay the Royalty Fee, the Marketing Fee, or any other amount due to Legacy Academy pursuant to the Franchise Agreement, Counterclaim Defendants are required to pay an administrative fee and interest charges on past due amounts.

19.

Counterclaim Defendants paid Royalty Fees and Marketing Fees for several years through August 2010.

20.

Counterclaim Defendants' failure to pay the Royalty Fees and Marketing Fees since August 2010 breaches the Franchise Agreement.

21.

Counterclaim Defendants have breached multiple obligations in the Franchise Agreement, including those set forth above.

22.

Counterclaim Defendants are indebted to Legacy for unpaid Royalty Fees and Marketing Fees, including applicable interest and late fees as of the date of this Complaint.

23.

The Franchise Agreement carries an initial term of 25 years from its effective date of September 13, 2001.  As a result of Counterclaim Defendants' breaches of the Franchise Agreement, Legacy Academy has suffered damages in the form of lost future payments under the Franchise Agreement in an amount to be proved during trial.

24.

In § 17.3 of the Franchise Agreement, Counterclaim Defendants personally guaranteed the prompt payment and performance of the obligations under the Franchise Agreement.

25.

As to this Claim, Legacy Academy seeks an award against Counterclaim Defendants jointly and severally of (a) all sums owed under the Franchise Agreement, including all unpaid Royalty Fees and Marketing Fees; (b) attorneys' fees pursuant to § 20.3 of the Franchise Agreement; and (c) all other relief that the Court deems just and proper.

# COUNT II

## EXPENSES OF LITIGATION/ATTORNEYS' FEES

### 26.

Legacy Academy realleges and incorporates paragraphs 1 through 25 of this Counterclaim as though fully set forth herein.

### 27.

Pursuant to Section 20.3 of the Franchise Agreement, if any provision of the Franchise Agreement is enforced at any time by Legacy Academy or if any amounts due from Counterclaim Defendants are collected by or through an attorney at law, Counterclaim Defendants shall be liable to Legacy Academy for all costs and expenses of enforcement and collection including, but not limited to, court costs and reasonable attorney's fees.

### 28.

Counterclaim Defendants' refusals to make payment due and owing to Legacy Academy has required Legacy Academy to retain counsel, to bring this action to enforce its rights, and to incur costs and expenses, for which Counterclaim Defendants are liable.

### 29.

Legacy Academy is entitled to an award of its reasonable costs and expenses incurred in this action, including attorneys' fees, pursuant to O.C.G.A. § 13-6-11.

**WHEREFORE**, Legacy Academy respectfully prays that this Court grant the following relief:

a.    Upon Count I, judgment against Counterclaim Defendants Michele Reymond and Lorraine Reymond in an amount to be proven at trial;

b.    Upon Count II, judgment against Counterclaim Defendants Michele Reymond and Lorraine Reymond for an award of Legacy Academy's reasonable costs and expenses incurred in this action, including attorneys' fees; and

c.    Such other relief as this Court deems just and proper.

*<Signatures contained on following page.>*

Respectfully submitted,


By:    /s/ Charles L. Bachman, Jr.
       Charles L. Bachman, Jr.
       Georgia Bar No. 030545
       TURNER, BACHMAN &
       GARRETT LLC
       61 Atlanta Street
       Marietta, Georgia 30060
       Telephone:   (770) 427-1605
       Facsimile:   (678) 302-9673
       Chuck.Bachman@tbglawgroup.com


       /s/ Matthew N. Foree
       Matthew N. Foree
       Georgia Bar No. 268702
       THE FOREE LAW FIRM, P.C.
       61 Atlanta Street
       Marietta, Georgia 30060
       Telephone:  (678) 907-8139
       Facsimile: (678) 623-3111
       Matt@Foreelaw.com

       Attorneys for Defendants Legacy
       Academy, Inc., Commercial
       Contractors Enterprises, Inc., Franklin
       L. Turner, and Melissa V. Turner

Date:  December 30, 2010

## <u>Local Rule 7.1 Certification and Certificate of Service</u>

Counsel certifies that this document has been prepared with one of the font and point selections approved by the Court in LR 5.1 or, if type written, that the brief does not contain more than 10 characters per inch of type.  This document was prepared in Times New Roman 14 point font.

<u>/s/ Matthew N. Foree</u>
Matthew N. Foree
Georgia Bar No. 268702
THE FOREE LAW FIRM, P.C.
61 Atlanta Street
Marietta, Georgia 30060
Telephone:  (678) 907-8139
Facsimile: (678) 623-3111
Matt@Foreelaw.com

## <u>CERTIFICATE OF SERVICE</u>

The undersigned attorney certifies that on December 30, 2010, he filed this document using the Court's EM/ECF system, which will automatically send email notification of such filing to the following attorneys of record:

Cary Ichter, Esq.
Dan Davis, Esq.

<u>/s/ Matthew N. Foree</u>
Matthew N. Foree
Georgia Bar No. 268702
THE FOREE LAW FIRM, P.C.
61 Atlanta Street
Marietta, Georgia 30060
Telephone:  (678) 907-8139
Facsimile: (678) 623-3111
Matt@Foreelaw.com