## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| MAMILOVE, LLC, Michele Reymond, and Lorraine Reymond, | ) ) ) | |
| Plaintiffs, | ) ) | Civil Action File No. |
| vs. | ) ) | 1:10-CV-4175 RWS |
| | ) | |
| Legacy Academy, Inc., Commercial Contractors Enterprises, Inc., Franklin L. Turner, Melissa V. Turner, Corporate John Does X, Y, and Z, and Individual John Does A, B, and C, | ) ) ) ) ) ) | |
| | ) | |
| Defendants. | ) ) | |

## CONSOLIDATED MOTION TO REMAND AND
## MEMORANDUM OF LAW IN SUPPORT

Pursuant to 28 U.S.C. § 1447, Plaintiff MAMILOVE, LLC, Plaintiff Michele Reymond and Plaintiff Lorraine Reymond (collectively, "Plaintiffs"), by and through undersigned counsel, hereby move to remand this matter to the Superior Court of Gwinnett County, Georgia, showing the Court as follows:

1.      On or about November 22, 2010, Plaintiffs filed their Complaint in the Superior Court of Gwinnett County, Georgia against Defendants Legacy Academy, Inc., Commercial Contractors Enterprises, Inc., Franklin L. Turner, Melissa V. Turner (collectively, "Defendants"), Corporate John Does X, Y, and Z,

and Individual John Does A, B, and C, stating claims for violation of a duty pursuant to O.C.G.A. § 51-1-6; common law fraud; negligent misrepresentation; violation of Georgia's civil RICO statute, O.C.G.A. § 16-14-1 *et seq.*; rescission; equitable reformation of conveyance; *quia timet*; declaratory judgment; and unjust enrichment.

2.      Plaintiffs and Defendants are all citizens of the State of Georgia.

3.      On or about December 23, 2010, Defendants filed their Notice of Removal based on 28 U.S.C. § 1331, arguing federal-question jurisdiction existed because "an essential element of [the cause of action for violation of a duty pursuant to O.C.G.A. § 51-1-6] is a violation of [16 C.F.R. § 436 (the "FTC [Federal Trade Commission] Rule")], the proof of which involves a substantial, disputed question of federal law."  *See* Notice of Removal ¶ 3.

3.      This Court lacks federal-question jurisdiction over the cause of action for violation of a duty pursuant to O.C.G.A. § 51-1-6 because there is no dispute as to the validity, construction or effect of the FTC Rule, the federal interest in this matter is insubstantial, and the exercise of federal-question jurisdiction would disrupt the Congressionally approved balance of federal and state judicial responsibilities.  Plaintiffs have enclosed a Memorandum of Law containing arguments and citations to authority in support of these arguments.

4.     This Court should remand this case back to the Superior Court of Gwinnett County, Georgia from which it was removed.

5.     Plaintiffs have filed their Motion for Remand within thirty (30) days of Defendants' filing of its Notice of Removal.  Therefore, this Motion for Remand is timely.

6.     Plaintiffs have incurred attorneys' fees and expenses in conjunction with the filing of this Motion for Remand.  If Plaintiffs' Motion for Remand is granted, this Court should enter an Order requiring Defendants to pay "just costs and any actual expenses, including attorney's fees, incurred as a result of the removal" pursuant to 28 U.S.C. §1447(c).

**WHEREFORE,** Plaintiffs respectfully request this Court to:

1.     Remand this case back to the Superior Court of Gwinnett County, Georgia;

2.     Award Plaintiffs' reasonable attorney's fees and costs incurred in conjunction with preparing this Motion for Remand; and

3.     Grant any other relief this Court deems just and proper.

## MEMORANDUM OF LAW IN SUPPORT OF
## PLAINTIFFS' MOTION FOR REMAND

## I.    INTRODUCTION

Plaintiff MAMILOVE, LLC is a franchisee of Defendant Legacy, Inc.  *See* Complaint ¶ 1.  Plaintiff Michele Reymond and Plaintiff Lorraine Reymond are managers of Plaintiff MAMILOVE, LLC.  *See* Complaint ¶¶ 3-4.  Defendant Franklin L. Turner and Defendant Melissa V. Turner are officers and the principal shareholders of Defendant Legacy Academy, Inc., as well as Defendant Commercial Construction Enterprises, Inc., an affiliate of Defendant Legacy Academy, Inc.  *See* Complaint ¶¶ 5-10.

In their Complaint, Plaintiffs assert, *inter alia*, a cause of action against Defendants pursuant to O.C.G.A. § 51-1-6 based on violations of 16 C.F.R. § 436 (the "FTC [Federal Trade Commission] Rule").[1]  The FTC Rule imposes certain disclosure requirements on franchisors.  *See* 16 C.F.R. § 436.  O.C.G.A. § 51-1-6 states in full as follows:

> When the law requires a person to perform an act for the benefit of another or to refrain from doing an act which may injure another, although no cause of action is given in express terms, the injured party may recover for the breach of such legal duty if he suffers damage thereby.

---

[1] Due to a July 1, 2007 major non-retroactive overhaul of the FTC Rule, all references are to the 2005 version of the FTC Rule.

4

As Defendants correctly observe in their Notice of Removal, an element of the cause of action created by O.C.G.A. § 51-1-6 is a violation of the duty to Plaintiffs arising under the FTC Rule.  *See* Notice of Removal ¶ 3.  Defendants, however, merely assert, without explanation, that this cause of action is sufficiently slender to squeeze into the "special . . . small . . . [and] slim," *Empire Healthcare Assurance, Inv. v. McVeigh*, 547 U.S. 677, 699-701 (2006), category of cases  in which federal-question jurisdiction may be exercised over state-law claims between non-diverse parties.  Defendants have not to carried their burden to show this Court should exercise federal-question jurisdiction over the cause of action created by O.C.G.A. § 51-1-6.

Additionally, this Court's exercise of federal-question jurisdiction over this state-law claim would be inappropriate because there is no dispute as to the validity, construction or effect of the FTC Rule.  Furthermore, the federal interest in this matter is insubstantial because Congress created no private right of action to enforce the FTC Rule, this litigation involves predominantly factual disputes between private parties, and state court adjudication would not affect the uniform interpretation of the FTC Rule.  Finally, the exercise of federal-question jurisdiction would disrupt the Congressionally approved balance of federal and state judicial responsibilities.

## II.   ARGUMENT AND CITATION TO AUTHORITY

" 'A removing defendant bears the burden of proving proper federal jurisdiction.' " *Adventure Outdoors, Inc. v. Bloomberg*, 552 F.3d 1290, 1294 (11th Cir. 2008) (quoting *Leonard v. Enter. Rent a Car*, 279 F.3d 967, 972 (11th Cir. 2002)). "All doubts about the propriety of federal jurisdiction should be resolved in favor of remand to state court." *Id.* (citing *Diaz v. Sheppard*, 85 F.3d 1502, 1505 (11th Cir. 1996)); *accord Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994) ("[W]here a plaintiff and defendant clash about jurisdiction, uncertainties are resolved in favor of remand").

The test for whether federal jurisdiction should be exercised over embedded federal issues in state-law claims between non-diverse parties is whether "a state-law claim necessarily raise[s] a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." *Grable & Sons Metal Prods., Inc v. Darue Eng'g & Mfg.*, 545 U.S. 308, 314 (2005).

### A.      No Federal Issue Has Been Disputed or Contested.

Defendants simply state, without explaining, that their violations of the FTC Rule involve a "disputed question of federal law."[2]  *See* Notice of Removal ¶ 3. Federal-question jurisdiction over state-law claims is confined to those claims that "'really and substantially involv[e] a dispute or controversy respecting the validity, construction or effect of [federal] law.'"  *Grable*, 545 U.S. at 313 (quoting *Shulthis v. McDougal*, 225 U.S. 561, 569 (1912)).

The validity of the FTC Rule is not in doubt.  Congress expressly gave the FTC broad authority to promulgate rules defining what acts or practices are prohibited by the Federal Trade Commission Act, 15 U.S.C. §§ 41-58, as amended (the "FTC Act"), *see* 15 U.S.C. § 57a(a)(1)(B), which the FTC exercised in promulgating the FTC Rule.  Furthermore, the construction of the FTC Rule is not subject to dispute because it clearly defines what "specific acts or practices . . . are unfair or deceptive" and what "specific procedures [should be] followed" by franchisors.   *See Fed. Trade Comm'n v. Tashman*, 318 F.3d 1273, 1279 (11th Cir. 2003) (Vinson, J., dissenting); *see also* 16 C.F.R. § 436.

---

[2] While Defendants may dispute the facts alleged in the Complaint, there is no serious or substantial dispute as to the meaning, scope or validity of the FTC Rule presented by Defendants.

Because Defendants have not actually disputed or contested the validity, construction or effect of the FTC Rule, Defendants have failed to carry their burden to show federal-question jurisdiction is appropriate and this Court should remand this matter to the Superior Court of Gwinnett County, Georgia.

**B.    The Federal Interest in this Matter is Insubstantial.**

"[F]ederal jurisdiction demands not only a contested federal issue, but a substantial one, indicating a serious federal interest in claiming the advantages thought to be inherent in a federal forum." *Grable*, 545 U.S. at 313.  Those advantages are "the experience, solicitude, and hope of uniformity that a federal forum offers on federal issues." *Id.* at 312.

**1.    The Absence of a Private Cause of Action in the FTC Act Proves Congress Considers Any Federal Interest in Franchise Disclosure Requirements to Be Insubstantial**.

The FTC Act does not create any private cause of action. *See, e.g.*, *Jeter v. Credit Bureau, Inc.*, 760 F.2d 1168, 1174 n.5 (11th Cir. 1985) (stating consumers do not have a private right of action to enforce the provisions of the FTC Act); *R.T. Vanderbilt Co. v. Occupational Safety & Health Review Comm'n*, 708 F.2d 570, 574 n.5 (11th Cir. 1983) ("Under th[e] [FTC] Act, consumers and members of the public — the beneficiaries of the statute — are not provided a private right of action").  Congress thus considered the federal interest in preventing unfair and

deceptive acts or practices in or affecting commerce to be insufficiently substantial to warrant a private cause of action for enforcement.

In *Merrell Dow Pharm. Inc., v. Thompson*, 478 U.S. 804 (1986), the plaintiffs brought, *inter alia*, a negligence claim against a drug manufacturer, arguing that its failure to comply with the labeling requirements of the federal Food, Drug, and Cosmetic Act (the "FDC Act") constituted a rebuttable presumption of negligence. *See* 478 U.S. at 804-06. In deciding whether federal-question jurisdiction should be exercised over the plaintiffs' state-law claim, the Supreme Court found the absence of a cause of action to be decisive, holding that:

> a complaint alleging a violation of a federal statute as an element of
> state cause of action, when Congress has determined that there
> should be no private, federal cause of action for the violation, does
> not state a claim 'arising under the Constitution, laws, or treaties of
> the United States.'

*Id*. at 817 (quoting 28 U.S.C. § 1331). While not dispositive, Congress' decision to not create a private cause of action warrants "consideration in the assessment of substantiality." *See Grable*, 545 U.S. at 318. Consequently, this Court should decline to exercise federal-question jurisdiction over Plaintiffs' state law claim and remand this matter to the Superior Court of Gwinnett County, Georgia.

2.    **No Substantial Federal Interest is at Issue Here Because This Litigation Involves Predominantly Factual Disputes**.

Any hypothetical federal interest is not substantial **here** because this matter does not involve legal disputes about the validity and construction of the FTC Rule, and thus the resolution of this matter will not have any significant precedential value.   The significance of this factor is best illustrated by a brief review of applicable case law.

In *Grable*, the IRS seized real property owned by the plaintiff to satisfy a federal tax delinquency and gave the plaintiff notice prior to selling the realty to the defendant.  *See* 545 U.S. at 310.  Five years later, the plaintiff brought a quiet title action in state court, alleging that the IRS had given deficient notice under 26 U.S.C. § 6335.  *See id.* at 311.  The defendant removed the action on the basis that the plaintiff's claim of title depended on the interpretation of the federal statute. *See id.*   The Supreme Court held that the plaintiff's claim warranted federal-question jurisdiction, specifically identifying as a crucial factor that "the meaning of the federal statute" was "the only legal or factual issue contested."  *See id.* at 315.

Subsequently, and by way of contrast, in *Empire Healthcare*, the plaintiff, an insurance carrier that administered a health plan, sued a former plan beneficiary for reimbursement of claims previously paid after the beneficiary recovered damages

from a third party in the settlement of a state tort action.  *See* 547 U.S. at 682-83.

The Supreme Court concluded that federal jurisdiction was inappropriate because

the case was "poles apart from *Grable*," involving, as it did, a "fact-bound and

situation-specific claim" rather than one of law.  *See id*. at 700-01.

   More recently, in *Adventure Outdoors,* plaintiffs brought, *inter alia*, a

defamation claim based on the defendants' statements that the plaintiffs had

violated federal gun laws.  *See* 552 F.3d at 1293-94.   The Eleventh Circuit

reversed the district court's conclusion that federal question jurisdiction was

appropriate, concluding that the federal interest involved was insubstantial.  *See id*.

at 1301-03.  The Eleventh Circuit noted that "pure legal questions" are a "strong, if

not dispositive" factor in "evaluating the propriety of substantive federal question

jurisdiction" because the uniformity attendant to federal jurisdiction is most

desirable when adjudication has precedential value.  *See id*. at 1299.

   Like *Empire Healthcare* and *Adventure Outdoors*, any disputed federal issue

here will be predominantly, if not exclusively, one of fact.  As stated, the validity

and construction of the FTC Rule are not in doubt.  *See supra* at 7.  Thus, the

resolution of this matter will turn of the factual question of whether Defendants'

conduct violated the FTC Rule, which gives rise to the O.C.G.A. § 51-1-6 duty

sued upon.  Resolution of this question, which is at worst a mix of law and fact,

will have little if any precedential value and thus will not implicate any federal interest in the uniform interpretation of the meaning of the FTC Rule.

*Ayres v. Gen. Motors Corp.*, 234 F.3d 514, 518 (11th Cir. 2000), the sole case cited by Defendants in their Notice of Removal, serves to illustrate this point. In *Ayres*, the plaintiff brought suit under Georgia's civil RICO statute, alleging that the defendant had violated the federal National Traffic and Motor Vehicle Safety Act and, by so doing, had committed federal mail and wire fraud, which were predicate offenses constituting racketeering. *See* 234 F.3d at 516-17. The Eleventh Circuit found federal question jurisdiction was appropriate because "this case requires that we decide whether or not a breach of the disclosure duty under the [National Traffic and Motor Vehicle] Safety Act constitutes a federal mail and wire fraud crime." *Id.* at 519. In other words, because the **meaning** of a federal statute was at issue, a substantial federal question was involved. *See id.* ("[F]ederal question jurisdiction exists where a plaintiff's cause of action has as an essential element the existence of a right under federal law which will be supported by a construction of the federal law concluding that the federal crime is established, but defeated by another construction concluding the opposite").

Where, however, "allegations of violations of federal law as predicate acts under a state RICO act" do not "require the court to interpret an independent

12

federal statute," federal question jurisdiction is inappropriate. *See Austin v. Ameriquest Mortgage Co.*, 510 F. Supp. 2d 1218, 1227-28 (N.D. Ga. 2007); *accord, e.g., Neighborhood Mortgage, Inc. v. Fegans*, No. 1:06-CV-1984-JOF, 2007 WL 2479205, at *4 (N.D. Ga. Aug. 28, 2007) ("Unlike *Ayres* where the court had to decide whether the federal mail and wire fraud statutes would also constitute a breach of the National Traffic and Motor Vehicle Safety Act, where there is no other federal question, . . . the mere citation of federal mail and wire fraud as predicate acts to a state RICO action is not sufficiently substantial to confer federal jurisdiction").

As the Eleventh Circuit explained in *Adventure Outdoors*:

> *Ayres* involved two levels of federal questions.  The need to construe independent bodies of federal law and to determine the legal effect of the interaction of those two bodies of law made the federal question in *Ayres* far more substantial than the one presented by Adventure Outdoors's defamation claim.

552 F.3d at 1302.  The same is also true here because this matter has nothing to do with the construction of federal regulations.  Consequently, this Court should decline to exercise federal-question jurisdiction over Plaintiffs' state-law claim and remand this matter to the Superior Court of Gwinnett County, Georgia.

3.      **No Substantial Federal Interest is at Issue Here Because This Litigation is Between Private Parties.**

Not only will this matter have limited precedential value as to the FTC Rule's meaning, it will have no preclusive effect with respect to any organ of the federal government since only private litigants are involved.   In *Adventure Outdoors*, in declining to exercise federal-question jurisdiction over a defamation claim related to an alleged violation of federal gun control laws, the Eleventh Circuit noted:

> The federal government has a limited interest in this private tort action over private duties tangentially related to the federal gun laws, and the federal government may continue to enforce federal gun laws and regulations without concern for the outcome of this lawsuit. Because the ATF is not a party to this suit, the outcome cannot possibly have any res judicata effect that would apply to the ATF or any other arm of federal law enforcement.

552 F.3d at 1302.   Similarly, in declining to exercise federal jurisdiction over a state-law shareholder suit implicating issues of federal tax law, the Sixth Circuit has concluded:

> While the federal government may have an interest in the uniform application of regulations that relate to the collection of taxes, it has only a limited interest in private tort or contract litigation over the private duties involved in that collection. The government's ability to collect taxes from an individual shareholder or corporation is not affected by the resolution of the dispute between these two parties. The government is free to interpret and apply the tax code as it sees fit, without the slightest regard for this lawsuit. Unlike *Grable,* in which the IRS's prevailing practice was alleged to violate due

14

> process, this case will have no *res judicata* effect that would apply
> to the IRS, no matter which court, federal or state, decides the case.

*Mikulski v. Centerior Energy Corp.*, 501 F.3d 555, 570 (6th Cir. 2007) (en banc)

(internal citation omitted).

Likewise, the outcome of this case will have no *res judicata* effect that

would constrain the FTC's enforcement actions in the future, regardless of which

court decides this case or what the outcome is.  Consequently, this Court should

decline to exercise federal-question jurisdiction over Plaintiffs' state-law claim and

remand this matter to the Superior Court of Gwinnett County, Georgia.

### 4. Any Interest in Uniform Interpretation of the FTC Rule Would Not Be Affected by State Adjudication.

Adjudication by the state courts of Georgia would not pose a serious threat

to any hypothetical federal interest in the uniformity and consistency of federal

franchise disclosure requirements.  State courts are presumptively competent to

apply federal law.  *See Adventure Outdoors*, 552 F.3d at 1301 (quoting *Mikulski*,

501 F.3d at 560).   Furthermore, the Superior Court of Gwinnett County, Georgia

would be guided by federal court interpretations of FTC Rule.   *See Excel Transp.*

*Servs., Inc. v. Sigma Vita, Inc.*, 288 Ga. App. 527, 531 n.4, 654 S.E.2d 665 (2007)

("[While] federal decisions are not binding upon our state courts, they are

persuasive, particularly where . . . they construe federal provisions and there are no

15

binding state authorities directly addressing the issue").  And, even if the Superior Court of Gwinnett County, Georgia "misinterpreted" the FTC Rule, federal courts would not be bound by that interpretation.  *See Williams v. Taylor*, 529 U.S. 362, 377 (2000) (noting federal courts are not required "to defer to state judges' interpretations of federal law").

Consequently, this Court should decline to exercise federal-question jurisdiction over Plaintiffs' state-law claim and remand this matter to the Superior Court of Gwinnett County, Georgia.

**C.     The Exercise of Federal Question Jurisdiction Would Disrupt the Congressionally Approved Balance of Federal and State Judicial Responsibilities**.

"[E]ven when the state action discloses a contested and substantial federal question, the exercise of federal jurisdiction is subject to a possible veto.  For the federal issue will ultimately qualify for a federal forum only if federal jurisdiction is consistent with congressional judgment about the sound division of labor between state and federal courts governing the application of § 1331."  *Grable*, 545 U.S. at 313-14.

Here, federal jurisdiction over this state-law claim would disrupt the delicate balance between federal and state judicial responsibilities.   For example, the Supreme Court in *Merrell Dow* declined to exert federal jurisdiction over state-law

16

tort claims even though violation of a federal statute commonly results in a rebuttable presumption of negligence in state tort proceedings.  478 U.S. at 811-12. As the Supreme Court explained in *Grable*:

> [T]he Court [in *Merrell Dow*] . . . saw the missing cause of action . . . as a missing welcome mat, required in the circumstances, when exercising federal jurisdiction over a state . . . action would have attracted a horde of original filings and removal cases raising other state claims with embedded federal issues.  For if the federal . . . standard without a federal cause of action could get a state claim into federal court, so could any other federal standard without a federal cause of action. And that would have meant a tremendous number of cases.

545 U.S. at 318.

Similarly, here, because O.C.G.A. § 51-1-6 creates a cause of action for the breach of **any** legal duty where a would-be plaintiff is damaged, Defendants' argument for removal would justify the extension of federal-question jurisdiction to **every** instance in which a defendant was alleged to have violated a federal law or regulation.  "This would constitute a substantial usurpation of state authority in an area in which states have traditionally been dominant."  *Singh v. Duane Morris, LLP*, 538 F.3d 334, 340 (5th Cir. 2008).   "[T]he entire country is made up of a Union of separate state governments, and . . . the National Government will fare best if the States and their institutions are left free to perform their separate functions in their separate ways."  *Younger v. Harris*, 401 U.S. 37, 43 (1971).

Expanding federal-question jurisdiction to state-law claims would also "disrupt Congress's intended division of labor between state and federal courts" by shifting "traditionally state cases into federal courts." *Grable*, 545 U.S. at 319. Such a result hardly squares with the Constitutional requirement of separation of powers or a pragmatic preference for judicial efficiency. Consequently, this Court should decline to exercise federal-question jurisdiction over Plaintiffs' state-law claim and remand this matter to the Superior Court of Gwinnett County, Georgia.

**D.      The Court Should Award Plaintiffs Reasonable Fees and Costs.**

28 U.S.C. §1447(c) provides in relevant part that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred result of the removal."   The intent of the statute is to reimburse parties, like Plaintiffs, who have incurred expenses in attacking an "inappropriate" or "improvident" removal.   *See Fowler v. Safeco Ins. Co. of Am.*, 915 F.2d 616, 618 (11th Cir. 1990).

Defendants removed this matter citing one case, which predates *Grable* by five (5) years, without even arguing **why** this matter involved a disputed or substantial federal issue, adjudication of which was consonant with judicial federalism or institutional considerations.   Nonetheless, Plaintiffs' Motion to Remand required considerable research and writing, given that about ninety-five

percent (95%) of questions involving federal subject-matter jurisdiction simply require a determination of whether federal law creates the underlying substantive right and authorizes a remedy, *see* Glannon, *Civil Procedure* 72 (5th ed. 2006), and there is no "'single, precise, all-embracing' test for jurisdiction over federal issues embed in state-law claims between non-diverse parties," *Grable*, 545 U.S. at 314 (quoting *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 821 (1988) (Stevens, J., concurring)).   Accordingly, Plaintiffs' motion for fees and expenses is due to be granted.

## CONCLUSION

The burden of establishing federal jurisdiction rests upon the party seeking removal, and Defendants have failed to carry this burden.   Respectfully, for the aforementioned reasons, this Court should remand this case to the Superior Court of Gwinnett County in the State of Georgia.

Respectfully submitted this 7th day of January, 2011.

*/s/ Cary Ichter*
Cary Ichter
Georgia Bar No. 382515
**ICHTER THOMAS, LLC**
3340 Peachtree Rd., NE, Suite 1530
Atlanta, Georgia 30326-1084
Telephone: 404-869-7600
Facsimile: 404-869-7610
cichter@ichterthomas.com
*Attorney for Plaintiffs*

19

## <u>CERTIFICATIONS</u>

I hereby certify, pursuant to LR 7.1(D), NDGa., that **PLAINTIFFS' CONSOLIDATED MOTION TO REMAND AND MEMORANDUM OF LAW IN SUPPORT** was prepared using size 14 Times New Roman font as required by LR 5.1(C), NDGa.

This 7th day of January, 2011.

*/s/ Cary Ichter*

Cary Ichter, Esq.

Georgia Bar No. 382515

I hereby certify that a copy of the foregoing **PLAINTIFFS' CONSOLIDATED MOTION TO REMAND AND MEMORANDUM OF LAW IN SUPPORT** was served with the Clerk of Court using the CM/ECF system which will automatically send e-mail notification of such filing to the following attorneys of record:

Matthew N. Foree, Esq.

Charles L. Bachman, Jr., Esq.

This 7th day of January, 2011.

*/s/ Cary Ichter*

Cary Ichter

Georgia Bar No. 382515
