# EXHIBIT A

## AMERICAN ARBITRATION ASSOCIATION
## SOUTHEAST CASE MANAGEMENT CENTER
## ATLANTA, GEORGIA

| | |
|---|---|
| Legacy Academy, Inc., Commercial Contractors Enterprises, Inc., Franklin L. Turner, Melissa V. Turner, | ) ) ) ) |
| Claimants, | ) AAA Case No. ) 30-114-00286-09 |
| vs. | ) ) Nora Sullivan - |
| Cam-Syd Enterprises, Inc., Cam-Syd Holdings, LLC, Bobby Vatalaro, Catherine F Vatalaro, AJW Enterprises, Inc., Ann C. Weeks, John P Weeks, JGM Enterprises, LLC, JGM Land, LLC, John G. McDonald, Wendolyn F. McDonald, James Grady Enterprises, Inc., Cartmell & Sons, Inc., Marcus J Cartmell, Dyanne Cartmell, RWC Realty, Inc., RPNC, Inc., Robert W Carmical, Jr., and Pamela A. Carmical, | ) Case Manager ) ) ) ) ) ) ) ) ) ) |
| Respondents, | ) ) |
| Chinaberry Landing, LLC, | ) ) |
| Counterclaim-Respondent. | ) |

## FINAL AWARD

Following the consolidation of separate arbitration proceedings in this proceeding, the Claimants submitted a restatement of their claims, which included separate claims against each of the Respondent Franchisees and their principals. The Respondents also submitted a restatement of their individual claims against the Claimants. The Claimants subsequently withdrew certain of their claims during the hearing. At the hearing, the Claimants presented their evidence on their various remaining claims against each of the Respondents, as well as their defenses to each of the Respondents' claims. The Respondents presented their evidence on their respective claims against the Claimants

and their respective defenses to the Claimants' claims. The hearing was conducted over a period of nine (9) days and a court reporter recorded all the hearing proceedings. No transcript of the hearing has been submitted to the Panel. Following the hearing, the parties submitted written arguments in briefs filed on May 25, 2007, at which time the hearing was declared closed. The Panel reopened the hearing on its own initiative in order to allow the parties to submit their applications for attorneys' fees which applications had been discussed during the hearing. The hearing was then closed as of June 21, 2010.

The Panel has reviewed and considered all the documentary evidence submitted by the parties, the testimony of the witnesses at the hearing, together with testimony presented by deposition, and the post hearing briefs and attorneys fees applications. Based on all the foregoing, the Panel enters the following Award.

## CLAIMANTS' CLAIMS

Claimants' claims against each of the Respondents, separately considered by the Panel, for breach of their respective Franchise Agreements are denied. Claimants' claim for defamation against Bobby Vatalaro is denied. All other claims of the Claimants are denied.

## RESPONDENTS' CLAIMS

The Panel finds that each of the Notes in favor of Commercial Contractors Enterprises, Inc. executed by the respective Respondents, and assigned to Chinaberry Landing, LLC, was executed and delivered as a part of a franchising transaction which was, as to each of the Respondents, a violation of Federal Franchise Regulations and

constituted the provision to each of the Franchisee Respondents of a misleading Uniform Franchise Offering Circular ("UFOC"). The Panel finds that the appropriate remedy for this conduct is to declare, and the Panel hereby declares that each of the Notes was void and unenforceable ab initio, and each of the Notes is hereby cancelled.

The Panel finds that the Franchisor, Legacy Academy, Inc., gave misleading financial information in the UFOC and outside the UFOC to each of the Franchisee Respondents and violated the disclosure requirements of the Federal Franchise Laws and Regulations as to each Franchisee Respondent. The Panel finds that all of the Claimants participated in this conduct and violations and are responsible and liable for the consequences. These violations had differing components and consequences for each of the Franchisee Respondents. The Panel has separately evaluated the evidence with respect to each of the Franchisee Respondents, including the particular UFOC, the nature and extent of information given to such Franchisee Respondent outside the UFOC, the degree of due diligence performed by such Franchisee Respondent, factors other than the misleading UFOC and other information given to such Franchisee Respondent which factors also contributed to the cause of such Franchisee Respondent's difficulties and losses, the Franchisee Respondent's particular status (whether ongoing business operation, terminated franchise, foreclosure and the like), the length of time the Franchisee Respondent operated as a Legacy Academy franchise and the Franchisee's particular claims for damages. Based upon that individual review, the Panel enters the following Award with respect to each of the claims of the Franchisee Respondents:

1. <u>Cam-Syd Enterprises, Inc., Cam-Syd Holdings, LLC, Bobby Vatalaro, Catherine F. Vatalaro</u> ("Vatalaro")

The Panel awards the sum of $222,147 in favor of Vatalaro and against Claimants, jointly and severally, plus $35,000 attorneys' fees.

2. <u>AJW Enterprises, Inc., Ann C. Weeks, John P. Weeks</u> ("Weeks")

The Panel awards the sum of $175,660 in favor of Weeks and against Claimants, jointly and severally, plus $35,000 attorneys' fees.

3. <u>JGM Enterprises, LLC, JGM Land, LLC, John G. McDonald, Wendolyn F. McDonald</u> ("McDonald")

The Panel awards the sum of $214,578 in favor of McDonald and against Claimants, jointly and severally, plus $35,000 attorneys' fees.

4. <u>James Grady Enterprises, Inc., Cartmell & Sons, Inc., Marcus J. Cartmell, Dyanne Cartmell</u> ("Cartmell")

The Panel awards the sum of $223,377 in favor of Cartmell and against Claimants, jointly and severally, plus $35,000 attorneys' fees.

5. <u>RWC Realty, Inc., RPNC, Inc., Robert W. Carmical, Jr., and Pamela A. Carmical</u> ("Carmical")

The Panel awards the sum of $35,585 in favor of Carmical and against Claimants, jointly and severally, plus $25,000 attorneys' fees.

All the foregoing monetary awards are in addition to the finding and award that the Notes executed and delivered by the Respondents to CCE are invalid and unenforceable.

All other claims of the Respondents are hereby denied.

The administrative fees and expenses of the American Arbitration Association totaling $27,050.00 shall be borne by Claimants, and the compensation and expenses of the arbitrators totaling $139,691.90 shall be borne by Claimants. Therefore, Claimants shall reimburse Respondents the sum of $84,745.95, representing that portion of said fees and expenses in excess of the apportioned costs previously incurred by Respondents.

This __9__ day of __July__, 2010.

_____
Leroy Penn Spell, Chairman

_____
John M. Sherrill

_____
Michael A. Dailey

# EXHIBIT B

RECEIVED DEC 0 6 2010

FILED IN OFFICE
CLERK SUPERIOR COURT
GWINNETT COUNTY, GA

2010 DEC -2 AM 10: 42

TOM LAWLER, CLERK

IN THE SUPERIOR COURT OF GWINNETT COUNTY

STATE OF GEORGIA

CAMSYD ENTERPRISES, et al.,       :
                                  :
    Plaintiffs                    :
                                  :   CIVIL ACTION
VS.                               :
                                  :   FILE NO. 08-A-06489-7
LEGACY ACADEMY, et al.,           :
                                  :
    Defendants,                   :

### ORDER

Plaintiffs' Motion to Confirm Arbitration Award, filed July 27, 2010, Plaintiffs' Motion for Distribution of Funds, filed July 30, 2010, and Defendants' Motion to Vacate Arbitration Award, filed August 30, 2010, came on for hearing on November 4, 2010. All parties were present and/or represented by counsel. After consideration of the motions, responses thereto, evidence, argument, all other matters of record, as well as the applicable and controlling authority, the Court finds and concludes as follows:

Pursuant to the US Supreme Court cases presented by both counsel for Plaintiffs and for Defendants, to wit: Green Tree Financial Corp. v. Bazzle, 539 U.S. 444, 123 S.Ct. 2402, 156 L.Ed.2d 414 (2003) and Stolt-Nielsen S.A. v. AnimalFeeds Int'l. Corp., 130 S.Ct. 1758, 176 L.Ed.2d 605, 2010 U.S. LEXIS 3672 (2010); the Court finds that the question of whether to consolidate claims/cases for arbitration was properly within the discretion of the arbitrator. The subject contracts between the parties were silent as to consolidation; therefore, interpretation of the contract on this issue was within the discretion of the arbitrator.

The AAA Rules provide for consolidation in certain situations, and there is no clear and convincing evidence that the arbitrator manifestly disregarded the law or overstepped his authority in exercising his discretion to consolidate the claims/cases.

Plaintiffs brought an authorized State fraud (tort) claims against Defendants based on their alleged violations of federal statutes, rather than attempting to assert a private cause of action wherein only the Federal Trade Commission has statutory authority to act. There is no clear and convincing evidence that the arbitrator manifestly disregarded the law on this issue and/or overstepped his authority in making an award to the Plaintiffs on this basis.

Based on all the foregoing, Plaintiffs' Motion to Confirm the Arbitration is **HEREBY GRANTED**, and the Final Arbitration Award, entered July 9, 2010, is **HEREBY CONFIRMED** as to the named party Plaintiffs in this action. Defendants' Motion to Vacate is **HEREBY DENIED**.

Further, the Court grants Plaintiffs' Motion to Disburse Funds. Plaintiffs' counsel shall submit a proposed Order itemizing and detailing the specific amount of funds and interest to be disbursed to each Plaintiff, as applicable, for the Court's consideration within 10 days of the date of this Order.

SO ORDERED, this 1st day of December, 2010.

_____
MELODIE SNELL CONNER, Judge
**Superior Court of Gwinnett County**

cc:   Cary Ichter
      William Eiselstein