# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| MAMILOVE, LLC, Michele Reymond, and Lorraine Reymond, <br><br> Counterclaim Defendants, <br><br> vs. <br><br> Legacy Academy, Inc., Commercial Contractors Enterprises, Inc., Franklin L. Turner, Melissa V. Turner, Corporate John Does X, Y, and Z, and Individual John Does A, B, and C, <br><br> Defendants. | Civil Action File No. <br> 1:10-CV-4175 RWS |

## PLAINTIFF MICHELE REYMOND AND PLAINTIFF LORRAINE REYMOND'S ANSWER TO DEFENDANT LEGACY ACADEMY, INC.'S COUNTERCLAIM

Plaintiff Michele Reymond and Plaintiff Lorraine Reymond (collectively, "Counterclaim Defendants"), by and through undersigned counsel, hereby file this Answer to Legacy Academy, Inc.'s Counterclaim (the "Counterclaim") in the above-styled civil action.

### FIRST AFFIRMATIVE DEFENSE

This Court lacks subject matter jurisdiction.

## SECOND AFFIRMATIVE DEFENSE

The Counterclaim is barred by the doctrine of collateral estoppel.

## THIRD AFFIRMATIVE DEFENSE

The Counterclaim is barred by violation of a legal duty arising under the 16 C.F.R. § 436 (the "FTC Rule") pursuant to O.C.G.A. § 51-1-6, as set forth in the section entitled "Background Facts" and Count I of the Complaint filed by Plaintiff MAMILOVE, LLC, Plaintiff Michele Reymond, Plaintiff Lorraine Reymond against Defendant Legacy Academy, Inc., Defendant Commercial Contractors Enterprises, Inc., Defendant Franklin L. Turner, Melissa V. Turner, Corporate John Does X, Y, and Z, and Individual John Does A, B, and C (the "Complaint"), which are adopted herein by reference.

## FOURTH AFFIRMATIVE DEFENSE

The Counterclaim is barred by fraud as set forth in the section entitled "Background Facts" and Count II of the Complaint, which are adopted herein by reference.

## FIFTH AFFIRMATIVE DEFENSE

The Counterclaim is barred by fraudulent inducement.

## SIXTH AFFIRMATIVE DEFENSE

The Counterclaim is barred by negligent misrepresentation as set forth in the section entitled "Background Facts" and Count III of the Complaint, which are adopted herein by reference.

## SEVENTH AFFIRMATIVE DEFENSE

The Counterclaim is barred by illegality as set forth in the section entitled "Background Facts" and Count IV of the Complaint, which are adopted herein by reference.

## EIGHTH AFFIRMATIVE DEFENSE

The Counterclaim is barred by the doctrine of unclean hands.

## NINTH AFFIRMATIVE DEFENSE

The Counterclaim is barred by Legacy Academy, Inc.'s failure to mitigate their alleged damages.

## TENTH AFFIRMATIVE DEFENSE

The Counterclaim is barred by setoff and recoupment, as set forth in the Complaint, which is adopted herein by reference.

# ANSWER

Counterclaim Defendants hereby respond to each numbered paragraph of the Counterclaim with the responses set forth below the number of each such paragraph.

**Answering the Section Entitled "Parties, Jurisdiction, and Venue"**

1.

Counterclaim Defendants admit the allegations of Paragraph 1 of the Counterclaim.

2.

Counterclaim Defendants admit the allegations of Paragraph 2 of the Counterclaim.

3.

Counterclaim Defendants admit the allegations of Paragraph 3 of the Counterclaim.

4.

Counterclaim Defendants deny the allegation of Paragraph 4 of the Counterclaim.

5.

Counterclaim Defendants admit the allegations of Paragraph 5 of the Counterclaim.

6.

Counterclaim Defendants admit the allegations of Paragraph 6 of the Counterclaim.

7.

Counterclaim Defendants deny the allegation of Paragraph 7 of the Counterclaim.

**Answering the Section Entitled "The Parties"**

8.

Counterclaim Defendants admit the allegations of Paragraph 8 of the Counterclaim.

**Answering the Section Entitled "The Sugar Hill Location"**

9.

Counterclaim Defendants admit they were fraudulently induced into executing the Franchise Agreement with Legacy Academy, Inc.

10.

Counterclaim Defendants admit the allegations of Paragraph 10 of the Counterclaim.

11.

Counterclaim Defendants state that Section 17.3 of the Franchise Agreement speaks for itself and deny and misstatement or mischaracterization of the same.

12.

Counterclaim Defendants admit that they have not paid royalty or marketing fees to Legacy Academy, Inc. since August 2010.  Counterclaim Defendants deny the remaining allegations of Paragraph 12 of the Counterclaim.

13.

Counterclaim Defendants state the Franchise Agreement speaks for itself and deny and misstatement or mischaracterization of the same.  Counterclaim Defendants state that the Franchise Agreement was void ab initio and deny that they are liable for further royalty or marketing fees to Legacy Academy, Inc.

**Answering Claim 1: Breach of Contract — Royalty and Marketing Fees**

14.

Counterclaim Defendants re-allege and incorporate Paragraphs 1 through 13 of this Answer as though set forth fully herein.

15.

Counterclaim Defendants state that Section 4.2 of the Franchise Agreement speaks for itself and deny and misstatement or mischaracterization of the same.

16.

Counterclaim Defendants state that Section 9.1 of the Franchise Agreement speaks for itself and deny and misstatement or mischaracterization of the same.

17.

Counterclaim Defendants state that Sections 4.2 and 9.1 of the Franchise Agreement speak for themselves and deny and misstatement or mischaracterization of the same.

18.

Counterclaim Defendants state the Franchise Agreement speaks for itself and deny and misstatement or mischaracterization of the same. Counterclaim Defendants state that the Franchise Agreement was void ab initio and deny that they are liable for administrative fees or interest charges.

19.

Counterclaim Defendants admit the allegations of Paragraph 19 of the Counterclaim.

20.

Counterclaim Defendants deny the allegations of Paragraph 20 of the Counterclaim.

21.

Counterclaim Defendants deny the allegations of Paragraph 21 of the Counterclaim.

22.

Counterclaim Defendants deny the allegations of Paragraph 22 of the Counterclaim.

23.

Counterclaim Defendants state the Franchise Agreement speaks for itself and deny and misstatement or mischaracterization of the same. Counterclaim Defendants state that the Franchise Agreement was void ab initio and deny that they are liable for lost future payments to Legacy Academy, Inc.

24.

Counterclaim Defendants state that Section 17.3 of the Franchise Agreement speaks for itself and deny and misstatement or mischaracterization of the same.

25.

Counterclaim Defendants admit that Legacy seeks an award, but deny that any such award would be proper or appropriate.

**Answering Count II — Expenses of Litigation/Attorneys' Fees**

26.

Counterclaim Defendants re-allege and incorporate Paragraphs 1 through 25 of this Answer as though set forth fully herein.

27.

Counterclaim Defendants state that Section 20.3 of the Franchise Agreement speaks for itself and deny and misstatement or mischaracterization of the same.

28.

Counterclaim Defendants deny they are liable for Legacy Academy, Inc.'s costs and expenses, if any.

29.

Counterclaim Defendants deny the allegations of Paragraph 29 of the Counterclaim.

**GENERAL DENIAL**

Counterclaim Defendants deny each and every allegation and claim set forth in the Counterclaim that is not specifically admitted in this Answer, including but

not limited to each and every allegation and claim for relief as set forth in Legacy Academy, Inc.'s prayer for relief.

Respectfully submitted this 19th day of January, 2011.

*/s/ Cary Ichter*
Cary Ichter
Georgia Bar No. 382515
**ICHTER THOMAS, LLC**
3340 Peachtree Rd., NE, Suite 1530
Atlanta, Georgia 30326-1084
Telephone: 404-869-7600
Facsimile: 404-869-7610
cichter@ichterthomas.com

*Attorney for Counterclaim Defendants*

## CERTIFICATIONS

I hereby certify, pursuant to LR 7.1(D), NDGa., that **PLAINTIFF MICHELE REYMOND AND PLAINTIFF LORRAINE REYMOND'S ANSWER TO DEFENDANT LEGACY ACADEMY, INC.'S COUNTERCLAIM** was prepared using size 14 Times New Roman font as required by LR 5.1(C), NDGa.

This 19th day of January, 2011.

>/s/ Cary Ichter
Cary Ichter, Esq.
Georgia Bar No. 382515

I hereby certify that a copy of the foregoing **PLAINTIFF MICHELE REYMOND AND PLAINTIFF LORRAINE REYMOND'S ANSWER TO DEFENDANT LEGACY ACADEMY, INC.'S COUNTERCLAIM** was served with the Clerk of Court using the CM/ECF system which will automatically send e-mail notification of such filing to the following attorneys of record:

Matthew N. Foree, Esq.; matt@foreelaw.com

Charles L. Bachman, Jr., Esq.; chuck.bachman@tbglawgroup.com

This 19th day of January, 2011.

>/s/ Cary Ichter
Cary Ichter
Georgia Bar No. 382515