**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| MAMILOVE, LLC, MICHELLE REYMOND, and LORRAINE REYMOND, | : : : : : |
| Plaintiffs, | : CIVIL ACTION NO. |
| | : 1:10-CV-4175-RWS |
| v. | : : |
| LEGACY ACADEMY, INC. *et al.*, | : : : |
| Defendants. | : : |

## **ORDER**

This case comes before the Court on Plaintiff's Motion to Remand [5]. After considering the record, the Court enters the following Order.

## **Background**

The action arises out of a dispute between a franchisor and franchisee. Plaintiffs filed their Complaint in the Superior Court of Gwinnett County, Georgia. The Complaint alleges causes of action for violation of a legal duty (Count I), fraud (Count II), negligent misrepresentation (Count III), Georgia civil RICO (Count IV), rescission (Count V), equitable reformation of conveyance (Count VI), quia timet (Count VII), declaratory judgment (Count

VIII), and unjust enrichment (Count IX).  In Count I, Plaintiffs assert that "Defendants have fraudulently failed to disclose all relevant information concerning the purchase of a Legacy Academy franchise in Defendant Legacy's UFOC disclosure and Defendants' Franchise Agreement as required by the FTC Rule[, 16 C.F.R. § 436]." (Dkt. [1] at ¶ 82, at 36 of 48).  Defendants removed the action to this Court on the basis of federal question jurisdiction, stating that "an essential element of Plaintiffs' [Count I] cause of action is a violation of the Federal Trade Commission rules and regulations, the proof of which involves a substantial, disputed question of federal law." (Dkt. [1] at ¶ 3, at 2 of 48).

## Discussion

For the reasons discussed below, Plaintiffs' Complaint does not provide a basis for federal question jurisdiction.  Therefore this action is **REMANDED** to state court.

When determining subject matter jurisdiction, a court must construe the removal statute narrowly and resolve any uncertainties in favor of remand. Burns v. Windsor Ins. Co., 31 F.3d 1092, 1095 (11th Cir. 1994).  Further, the party seeking removal bears the burden of establishing federal jurisdiction. Friedman v. N.Y. Life Ins. Co., 410 F.3d 1350, 1353 (11th Cir. 2005).  In removing the action, Defendants relied upon Ayres v. General Motors Corp.,

2

234 F.3d 514, 515 (11th Cir. 2000), for the proposition that federal question jurisdiction is available when violation of a federal statute "is an essential element of the Plaintiffs' cause of action, the proof of which involves resolution of a substantial, disputed question of federal law." In that case, the Eleventh Circuit found that determining whether or not a breach of the disclosure duty under the National Traffic and Motor Vehicle Safety Act constituted a federal mail or wire fraud crime, presented a federal question substantial enough to confer federal question jurisdiction. Ayres, 234 F.3d at 519. While it found federal question jurisdiction existed in Ayres, the Eleventh Circuit also noted that "[a]lthough a case may arise under federal law where the vindication of a right under state law necessarily turned on some construction of federal law, the mere presence of a federal issue in a state cause of action does not automatically confer federal-question jurisdiction." 234 F.3d at 517-18 (internal quotations and citations omitted).

Ayres is distinguishable from the present action. This action does not present a "substantial, disputed question of federal law," but rather presents a state law cause of action that merely contains the presence of a federal issue. Count I of Plaintiffs' Complaint, alleges a violation of O.C.G.A. § 51-1-6, which states: "When the law requires a person to perform an act for the benefit

3

of another or to refrain from doing an act which may injure another . . . the injured party may recover for the breach of such legal duty if he suffers damage thereby." The Complaint alleges that the FTC Rule imposes a duty on Defendants to make certain disclosures to potential franchisees. Plaintiffs allege that Defendants failed to make the requisite disclosures and thereby harmed Plaintiffs. This claim does not involve a substantial federal issue "indicating a serious federal interest in claiming the advantages thought to be inherent in a federal forum." Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg., 545 U.S. 308, 313, 125 S. Ct. 2363, 162 L. Ed. 2d 257 (2005). Rather, Count I presents a factual question of whether or not Defendants made the required disclosures. Count I does not provide a basis for federal question jurisdiction and Defendants have not alleged any other grounds upon which this Court has subject matter jurisdiction over this action.

## Conclusion

For the aforementioned reasons, Plaintiff's Motion to Remand [5] is **GRANTED**. The Clerk shall **REMAND** the case to the Superior Court of Gwinnett County, Georgia and terminate the pending motions before this Court.

4

AO 72A
(Rev.8/82)

**SO ORDERED**, this   20th   day of January, 2011.

**RICHARD W. STORY**
United States District Judge